IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) SAFECO INSURANCE COMPANY OF AMERICA,<br><br>   **Petitioner,**<br><br>v.<br><br>2) CARTHUS SANFORD, and<br>3) GWENDOLYN SANFORD,<br><br>   **Respondents.** | Case No. CIV-20-338-D |

## AMENDED ANSWER OF TRIPLE DIAMOND CONSTRUCTION, LLC TO PETITION FOR APPOINTMENT OF NEUTRAL UMPIRE

COMES NOW, TRIPLE DIAMOND CONSTRUCTION, LLC (hereinafter "Triple Diamond"), and for response to Safeco Insurance Company of America's (hereinafter "Safeco") Petition for Appointment of Neutral Umpire (hereinafter "Petition"), states:

### I.

### RESPONSE TO PETITION

1. Triple Diamond is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Petition, and therefore denies same.

2. Triple Diamond is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Petition, and therefore denies same.

3. Triple Diamond is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Petition, and therefore denies same.

4. Triple Diamond is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Petition, and therefore denies same.

5. Triple Diamond states that the referenced Policy speaks for itself. Triple

Diamond is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Petition, and therefore denies same.

6. Triple Diamond admits that the Property sustained storm damage resulting in insurance claim no. 039136891, the right, benefits, and proceeds of which have been duly assigned to Triple Diamond by Respondents. Except as admitted, Triple Diamond is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Petition, and therefore denies same.

7. Triple Diamond admits that Respondents and Safeco have a dispute as to the amount of the claim. Except as admitted, Triple Diamond is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Petition, and therefore denies same.

8. Triple Diamond admits that Respondents demanded appraisal and that they selected Coppermark Consulting Corp. as their appraiser. Except as admitted, Triple Diamond is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of the Petition, and therefore denies same.

9. Triple Diamond admits the allegations contained in paragraph 9 of the Petition.

10. Paragraph 10 does not contain any allegations, and therefore no response is required. To the extent a response is required, Triple Diamond also requests that the Court appoint a neutral umpire to determine the amount of the loss.

11. Paragraph 11 does not contain any allegations, and therefore no response is required. To the extent a response is required, Triple Diamond's appraiser, Coppermark

Consulting Corp., is making its own recommendations of possible umpires in Section II of this Answer. In further response, Triple Diamond would note that Mr. Lee is an adjuster who typically provides services to the insurance company, and therefore cannot be considered neutral in these circumstances. Triple Diamond would also note that Mr. Gardner is located in Kansas, and the distance and expense that the parties would incur for time and mileage is not warranted.

12. Paragraph 10 does not contain any allegations, and therefore no response is required. To the extent a response is required, Triple Diamond states that should the Court not be inclined to select an umpire from its list of recommended umpires, the Court appoint a neutral umpire of its own selection.

## II.

### RECOMMENDATIONS FOR SELECTION OF UMPIRE

1. Triple Diamond also requests that the Court appoint a neutral umpire to determine the amount of the loss.

2. Triple Diamond's appraiser, Coppermark Consulting Corp., recommends to the Court the following possible umpires to serve in this matter:

    a. David H. Cole, Attorney and Mediator, (405) 272-0322, Oklahoma City, Oklahoma (resume attached as Exhibit "A");

    b. Raymond Choate, General Contractor and Certified Umpire, (972) 261-4321, Crandall, Texas (resume attached as Exhibit "B");

    c. Chad T. Williams, Professional Engineer, (918) 960-4065, Skiatook, Oklahoma (resume attached as Exhibit "C"); or

      d.      Paul Goodman, Roofing Contractor and Expert Witness, (405) 474-2828, Oklahoma City, Oklahoma (resume attached as Exhibit "D").

      3.      Triple Diamond requests that if the Court is not inclined to appoint an umpire from Triple Diamond's appraiser's proposed candidates, that the Court appoint a neutral umpire of its own selection.

WHEREFORE, as set forth herein, Triple Diamond Construction, LLC respectfully requests that the Court appoint a competent and impartial umpire to evaluate and determine the damages sustained at the Subject Property, in order to calculate the amount of the loss.

      /s/Ann Richard-Farinha
Ann Richard-Farinha, OBA #20815
HARTSFIELD & EGBERT, PLLC
307 E. Danforth Road, Suite 130
Edmond, Oklahoma 73034
Telephone:   (405)285-6858
Facsimile:    (405)285-6911
Email:        ann@helawedmond.com

ATTORNEY FOR TRIPLE DIAMOND CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

X\_\_\_\_ I certify that on the 8th day of May, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit electronically the Entry of Appearance to the following ECF System registrants:

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR PETITIONER SAFECO INSURANCE**

/s/ Ann Richard-Farinha